[Civ. No. 649. Fourth Appellate District.—December 21, 1932.]

E. D. REID, Respondent, v. ORLAND J. FOWLER et al., Appellants.

Burton E. Hales for Appellants.

Halsey W. Allen for Respondent.

BARNARD, P. J.—This is an action on a promissory note given ·by the defendants to the plaintiff as a second renewal in part of an original note given as part payment for an interest in a mercantile business. This note, as well as each of the prior notes, contained the clause ''With privilege of renewal.'' The note here sued on was executed on December 15, 1930, was payable March 15, 1931, and this action was commenced on August 24, 1931. In their answer the defendants admit the execution of the note and set up the defense that it does not express the real agreement between the parties, it being alleged that the note was given in part payment for an interest in a mercantile business; that through a mistake of the parties or through a mistake of one party, which mistake was known or suspected by the other, the note does not express the real agreement between the parties; that at the time of its execution it was agreed by the parties thereto that the note should be paid only from the profits derived by the defendants from the business in question; and that said profits have not been sufficient to pay the same. From a judgment in favor of the plaintiff the defendants have appealed.

At the trial and upon this appeal the principal contention of appellants was and is that the clause ''with privilege of renewal'', was intended to express an agreement by the parties to the effect that the note should be paid only

from the profits derived from the business sold. This point is here raised by attacking two findings, which were to the effect that the note sued on expressed the real agreement of the parties and that at no time was it agreed that the note should be paid only from the profits derived from the business, as not supported by the evidence. While the appellants point out certain evidence supporting their position, the record shows that the respondent testified flatly to the contrary, his testimony being to the effect that no such agreement was made either at the time the original note was given or at any subsequent time, that he had never agreed that the note should be paid from the profits of the business, and that it was not true that he had been told by the payees that they would have to have time to pay this note out of the profits of the business. He further testified that nothing was said in reference to the renewal clause here in question at the time this note was executed, and in response to a question by appellant's counsel as to what was intended by this clause in the original note, he answered: "It was intended to renew if I didn't need the money. When I made out the note I gave them—the first note was three months and fifteen days, so they could have fifteen days more to raise the money, and he said, 'If you don't get all this money at that time, will it be all right to keep it?' And I said, 'As long as I don't need the money I would as soon you had it as anybody else.'" No more appears than a conflict and the findings complained of are sustained by the evidence.

■ . Incidentally the claim is made that under the terms of the note the appellants are now entitled to another renewal thereof. The respondent testified that nothing was said about this clause or about any renewal at the time this note was signed. He further testified that at the time this note became due, he told the respondent Orland J. Fowler he would renew the note for three months or until June 15, 1931. While Orland J. Fowler denied that the respondent had told him this he admitted that the respondent's attorney had so told him. Not only could the trial court fairly infer from the evidence that the appellants accepted such an extension as the renewal provided for in the note, but this action was not brought until more than five months had elapsed after the note became due. The

clause in question provides for a privilege to the payors, which they might waive or exercise at their option. Their right to claim and exercise this privilege arose when the note became due on March 15, 1931, and could be exercised only at that time or within a reasonable time thereafter. The renewal clause could not be construed as giving to the appellants the right to wait an indefinite time before exercising the privilege. The trial court was justified in finding and concluding that the note was due and payable when the action was brought.

The only other point raised is that the court erred in refusing to permit the appellants to go into the question of how the parties arrived at the purchase price for the stock of goods originally sold. The question asked had nothing to do with the issues of this case and the objection thereto was properly sustained.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.